UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTAMARIA TOYO URDANETA,<br><br>               Petitioner,<br><br>            -v.-<br><br>KENNETH GENALO, *Field Office Director of New York ICE Enforcement and Removal Operation*; OFFICER-IN-CHARGE/SUPERVISORY DETENTION & DEPORTATION OFFICER, *NYC Field Office Hold Room (26 Federal Plaza)*; TODD LYONS, *Acting Director U.S. Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; PAMELA BONDI, *U.S. Attorney General*; DEPARTMENT OF HOMELAND SECURITY (DHS); EXECUTIVE OFFICE OF IMMIGRATION REVIEW (EOIR),<br><br>               Respondents. | 26 Civ. 1584 (JGK)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

      On February 25, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"). (*Urdaneta* Dkt. #1). That same day, the Court issued an Order in its capacity as Part I Judge that, among other things, directed Respondents to file a letter on or before February 27, 2026, providing various information, including whether this case is distinguishable from earlier cases decided by this Court and by the Judge assigned to this case. (*See Urdaneta* Dkt. #4). The Government then filed that letter. (*See Urdaneta* Dkt. #6).

The Court appreciates the Government's prompt response.  The Government concedes that cases already decided by the Judge assigned to this case, including *Romero Perez* v. *Francis*, No. 25 Civ. 8112 (JGK), 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025), would control the result in this case.  (*See Urdaneta* Dkt. #6).  In *Romero Perez*, the assigned Judge determined that 8 U.S.C. § 1226(a) was the applicable statute, not 8 U.S.C. § 1225(b)(2)(A), and granted Mr. Romero Perez a bond hearing.  2025 WL 3110459, at *2-4.

The Government has not, however, complied with this Court's directive to indicate whether the present case is distinguishable from cases previously decided by this Court, such as *Ortiz-Lopez* v. *Francis*, No. 25 Civ. 7985 (KPF).  (*Compare Urdaneta* Dkt. #4, *with Urdaneta* Dkt. #6).  In *Ortiz-Lopez*, this Court also decided that 8 U.S.C. § 1226(a) was the applicable statute and granted Mr. Ortiz-Lopez's petition for a writ of habeas corpus.  (*See Ortiz-Lopez* Dkt. #13).  As such and for the reasons set forth on the record in the October 22, 2025 conference in *Ortiz-Lopez*, Ms. Urdaneta's Petition in this action is GRANTED.  (*See Ortiz-Lopez* Dkt. #15).

Respondents are ORDERED to, with the help of United States Immigration and Customs Enforcement, transport Petitioner back to the Southern District of New York by **March 3, 2026**, if she is not already in the District, and immediately upon effectuating her transfer, to release Petitioner from custody.  *See Lopez Benitez* v. *Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025).  Respondents may impose only the restraints on Petitioner's liberty that existed prior to her detention.  Respondents are further ORDERED

2

to certify compliance with this ORDER no later than **5:00 p.m.** on **March 6, 2026**. *See id.*; *Tuma Huamani* v. *Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *9 (S.D.N.Y. Nov. 4, 2025).

Respondents are ENJOINED from re-detaining Petitioner without a valid exercise of discretion under 8 U.S.C. § 1226(a).  Respondents are further ENJOINED, absent an additional Court Order, from denying bond to Petitioner in any subsequent proceeding on the basis that she must be detained pursuant to 8 U.S.C. § 1225(b).  It is further ORDERED that if Petitioner is granted bond, Respondents are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).  *See Rueda Torres* v. *Francis*, No. 25 Civ. 8408 (DEH), 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   March 2, 2026
         New York, New York

KATHERINE POLK FAILLA
United States District Judge

Part I